## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

FILED/REC'D

**ESTEBAN ALBA-GUERRERO**

2024 AUG 27 A 10: 28

*Plaintiff,*

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

-vs-

**CASE NO.**

**SIRCHIE ACQUISITION COMPANY, LLC,
CITY OF FITCHBURG WISCONSIN
AND FITCHBURG POLICE OFFICER
RANDALL HILBELINK**

## 24   CV   602   JDP

**JURY TRIAL DEMANDED**

*Defendants.*

---

### 42 U.S.C. §1983 CIVIL COMPLAINT

Plaintiff ESTEBAN ALBA-GUERRERO, hereby complains of Defendants SIRCHIE ACQUISITION COMPANY, LLC, and THE FITCHBURG POLICE DEPARTMENT AND OFFICER RANDALL HILBELINK; alleges as follows:

### INTRODUCTION

1. This lawsuit centers product liability and its unconstitutional effects within law enforcement agencies and the judicial system.

2. The product is called a NARK[1] drug test which is manufactured and sold by the company Sirchie Acquisitions Company, LLC. (Sirchie). This drug test is designed to function as a reliable "transportable narcotics laboratory" used by law enforcement and government agencies to test for a variety of drugs.

3. Administering the NARK drug test is fairly simple. The tester would collect a dusting of substance collected and place it inside the 3X3 inch NARK test pouch. The Tester would then fold to seal the top of the pouch to secure testing area inside the pouch. The Tester

---

[1] NARK – Narcotics Reagent Analysis Kit (Portable/Field Instant Drug Test)

would apply pressure to the bottom of the pouch to break the encapsulated chemicals. The tester would then shake the pouch to mix the chemicals with the substance collected; which then emits a color. That color is then compared against a panel of colors to determine what if any drug it identifies to.

4. Sirchie falsely promotes their tests as accurate-despite an overwhelming rate of false positives-knowing that prisons and law enforcement agencies used them to deprive life and liberty and impose harsh penalties as a result.

5. In this case, a man named Esteban Alba-Guerrero, who was serving a prison sentence at the Oakhill Correctional Institution, had his "Folgers Coffee" tested for drugs at which point Sirchie falsely accused him of possessing the narcotic drug fentanyl.

6. Sirchie's false accusation placed Esteban Alba-Guerrero in segregation for 120 days after which he lost his minimum security status and college enrollment and was transferred to a medium security facility.

7. The City of Fitchburg Police Department responded to the test results and conducted a secondary test of the "Folgers Coffee" utilizing the same NARK test manufactured by Sirchie and it too generated a second false positive.

8. Consequently, Esteban Alba-Guerrero was criminal charged and maliciously prosecuted for drug crimes he did not commit.

9. Nearly two years after Sirchie falsely accused Esteban Alba-Guerrero, a reliable and accurate drug testing laboratory; the Wisconsin State Crime Laboratory tested his "Folgers Coffee" and revealed that he never possessed any fentanyl.

10. The criminal charges were dismissed against him. The prison disciplinary board subsequently expunged his prison record. But the damage and losses had already been sustained.

11. This lawsuit seeks redress for the damages and losses that occurred through, with and in connection to Sirchie's defective products and the malicious prosecution through the Fitchburg Police Department and the Sirchie Acquisitions Company.

## JURISDICTION AND VENUE

12. This action is brought pursuant to **42 U.S.C. § 1983**, to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2

13. This Court has jurisdiction pursuant to **28 U.S.C. § 1331**, as this is a civil action arising under the Constitution of the United States.

14. This Court has jurisdiction pursuant to **28 U.S.C. § 1343**, as this action seeks to redress the deprivation, under color of state law; rights secured by Acts of Congress providing equal rights of persons within the jurisdiction of the United States.

15. This Court has supplemental jurisdiction of the Plaintiff's State law claims pursuant to **28 U.S.C. § 1367**.

16. Venue is proper under **28 U.S.C. § 1391(b)**. The events giving rise to this complaint occurs in this judicial district.

## THE PARTIES

17. The **Plaintiff Esteban Alba-Guerrero** ("Mr. Alba-Guerrero"), is an inmate currently incarcerated at the Redgranite Correctional Institution located at **1006 County Road EE (P.O. Box 0925), in Red Granite, Wisconsin, 54970-0925**. This is Mr. Alba-Guerrero's first incarceration. During the time of the allegations to this lawsuit, Mr. Alba-Guerrero was 4 years into an 8-year sentence for the crime of "Homicide by Intoxication Use of Vehicle," at the Oakhill Correctional Institution in Oregon, Wisconsin. Mr. Alba-Guerrero was a model prisoner who completed his HSED and received an additional vocational diploma in "Building Maintenance & Construction." Mr. Alba-Guerrero continued his education by enrolling and maintaining an "Honors" status in the Prison "Pell Grant" scholastic program that offered "Associates in Science" Degree to prisoners through the Milwaukee Area Technical College. Mr. Alba-Guerrero was also simultaneously enrolled into "Industrial Maintenance" program; another college program offered through the Madison Area Technical College. In addition, Mr. Alba-Guerrero also completed his drug/alcohol treatment (SUDS2) as mandated by the Courts and the Department of Corrections.

18. Separately, Mr. Alba-Guerrero worked extensively at rebuilding and maintaining healthy and meaningful relationships with his wife and three children; as his absence from their lives has created an irreplaceable void and hardship. A conscious and daily effort that

required Mr. Alba-Guerrero to remain committed to making the right choices every day, until he is able to reunite with his family.

19. **Defendant Sirchie Acquisition's Company, LLC,** is a limited liability company registered in the state of Delaware with its headquarters at **100 Hunter Place, Youngsville, North Carolina 27596.** Sirchie produces field drug presumptive identification kits which are marketed and sold to law enforcement agencies across the State of Wisconsin, including those sold to the Defendant City of Fitchburg who supplies Defendant Officer Randall Hilbelink.

20. **Defendant City of Fitchburg** is a municipal corporation organized and existing under the laws of the State of Wisconsin and is responsible for the polices, practices, customs and regulations of the Fitchburg Police Department and for the hiring, training, supervising, and disciplining of its agents, employees and police officers with the **Fitchburg's Police Department** located at **5520 Lacy Road, Fitchburg Wisconsin, 53711.**

21. **Defendant Officer Randall Hilbelink** was at all times an employee through the City of Fitchburg's Police Department during the relevant times of this lawsuit.

## FACTUAL ALLEGATIONS

### SIRCHIE'S DEFECTIVE NARK DRUG TEST'S

22. Sirchie manufactures a variety of drug tests, including tests under the NARK brand. Sirchie claims that its NARK brand tests use "crime lab accepted chemistry" and are "designed to function as a transportable narcotics laboratory."

23. The NARK product line includes tests that market a wide variety of drug detections.

24. Each of the field drug tests in the Sirchie NARK product line is fundamentally flawed, and none can reliably detect the drugs for which they purport to test. The NARK tests yield false positives at such high rates that its results are worse than random. And Sirchie was aware of this issue before it began selling its tests. In October of 2012, Sirchie issued a "NARK News" broacher acknowledging that the unique features within the tests "make it **"almost impossible"** to develop a "field test that will not have too many unacceptable

4

false positives." This promulgated fact demonstrates that Sirchie maintains constructive knowledge that their NARK tests are inaccurate, unreliable and return false positives in testing unknown substances.

25. Sirchie's provides its customers with written materials regarding its tests, as well as pre-recorded and live webinar training. The Fitchburg Police Department relies on Sirchie to train its officers on the uses of Sirchie's tests, and Fitchburg Police officers are only permitted to use Sirchie's field tests if they have received training from Sirchie.

26. Sirchie Provides training and instructions regarding its tests that are misleading and inadequate, resulting in a failure to warn the Fitchburg Police Department about the foreseeable dangers of using the tests for a purpose and in a manner, which would harm the plaintiff.

## THE PLAINTIFF'S CELL SEARCH

27. On **September 21, 2021**, Esteban Alba-Guerrero was incarcerated at the Oakhill Correctional Institution (OCI) located in Fitchburg, Wisconsin.

28. On that same day, a Corrections Officer/Recruit Stankovic, employed through the Wisconsin Department of Corrections, conducted a "Cell Search" of Mr. Alba-Guerrero's single cell living quarters. During the search Officer Stankovic looked inside Mr. Alba-Guerrero's "Folgers Coffee" jar and noticed a brown coagulated resin at the bottom. Officer Stankovic suspected it to be drugs and notified his supervisor; Captain James Wirth.

## SIRCHIE'S FIRST FALSE ACCUSATION – FALSE POSITIVE

29. Captain James Wirth (Captain Wirth), using a Sirchie NARK field drug test pouch, collected the substance at the bottom of Mr. Alba-Guerrero's "Folgers Coffee" jar and placed it inside the NARK test.

30. The Sirchie NARK test falsely claimed that Mr. Alba-Guerrero was in possession of the narcotic drug fentanyl.

31. Captain Wirth then contacted the Fitchburg Police Department to investigate Mr. Alba-Guerrero being in possession of narcotic drugs inside a correctional facility.

32. The Fitchburg Police Department received the Correctional Institution's request for an officer and dispatched Officer Randall Hilbelink to the facility.

## SIRCHIE'S SECOND FALSE ACCUSATION – FALSE POSITIVE

33. Upon arriving at the facility, Officer Randall Hilbelink (Officer Hilbelink) met Captain Wirth who informed him of how he came into possession of the alleged drugs and turned them over to him.

34. Officer Hilbelink returned to the Fitchburg Police Department where he conducted a secondary test of the substances collected.

35. Officer Hilbelink, using a Sirchie NARK field drug test pouch, used the substance collected from the bottom of Mr. Alba-Guerrero's "Folgers Coffee" jar and placed it inside the NARK test.

36. The Sirchie NARK test falsely claimed that Mr. Alba-Guerrero was in possession of the narcotic drug fentanyl for a second time.

37. Officer Hilbelink did not interview Mr. Alba-Guerrero, or investigate the alleged criminal drug possession other than relying exclusively on Sirchie's false accusation.

## PUNISHMENT FROM SIRCHIE'S FALSE ACCUSATIONS
## 120 DAYS SEGREGATION

38. On that same day, **September 21, 2021**, as a consequence to Sirchie's false accusations, Mr. Alba-Guerrero was unjustly taken to the prisons Restrictive Housing Unit (RHU) and placed into a bare concrete cell with a toilet/sink for 47 hours every two days.

39. On **October 11, 2021**, the Oakhill Correctional Institution disciplinary hearing board accused Mr. Alba-Guerrero of being in "Possession of Intoxicants." An offense that carried a maximum segregation time of **60 days.**

40. Mr. Alba-Guerrero denied possessing an intoxicant let alone fentanyl and demanded that he be given the opportunity to send out the substance collected to a laboratory for additional testing. Mr. Alba-Guerrero even offered to pay for all costs associated to the retest.

41. Mr. Alba-Guerrero further pleaded that he was innocent of any wrong doing and that he would not compromise his "minimum security status" or his "enrolled college program" to use drugs.

42. The Disciplinary Board refused to believe Mr. Alba-Guerrero or send out the substance collected from his "Folgers's Coffee" jar, relying exclusively on Sirchie's false test result as evidence of guilt.

43. The Disciplinary Board, through the approval the Deputy Warden Rebecca Blodgett, went beyond the **60**-day limit and imposed a segregated sentence of **120** days.

44. On **October 12, 2021**, Mr. Alba-Guerrero contacted the Fitchburg Police Department via letter, raising issue with the Sirchie NARK drug test and begged them to have the "Folgers Coffee" tested at a lab that could obtain more accurate results as he was "100% innocent."

45. The Fitchburg Police Department knew what Mr. Alba-Guerrero claimed was true as they were aware of Sirchie's inaccurate and defective NARK drug test. And rather conduct a secondary test or any meaningful investigation into his claim, they choose not to respond to Mr. Alba-Guerrero pleas for help and transparency.

## THE PLAINTIFF'S TRANSFER TO
## MEDIUM SECURITY PRISON

46. After the Disciplinary Board found Mr. Alba-Guerrero of possessing intoxicants, they referred him to the "Program Review Committee" to initiate the process to transfer him to a higher security facility, stripping him of his "minimum status."

47. On **October 27, 2021**, the Program Review Committee called an emergency hearing to transfer Mr. Alba-Guerrero to a higher security institution.

48. During the hearing, Mr. Alba-Guerrero again, proclaimed his innocence and stated the "Sirchie NARK" tests used are defective and the substance collected was in fact "Folgers's Coffee."

49. The Program Review Committee accused Mr. Alba-Guerrero of lying, and refusing to change his life and that he was a danger to the staff and inmates at the Oakhill Correctional Institution.

50. The Program Review Committee ruled that Mr. Alba-Guerrero would be transferred to a medium security facility.

51. On **December 15, 2021**, Mr. Alba-Guerrero was transferred to the Redgranite Correctional Institution (RGCI), a medium security facility in Redgranite, Wisconsin.

## THE UNLAWFUL ARREST AND MALICIOUS PROSECUTION

52. On or approximately to **October 26, 2021**, and without probable cause, Officer Hilbelink forwarded Sirchie's false NARK drug test results to the Dane County District Attorneys Officer, seeking to have Mr. Alba-Guerrero criminally charged with drug felonies.

53. On **August 31, 2022**, Mr. Alba-Guerrero was arraigned for felony possession of a scheduled-1 narcotic drug inside a correctional institution in violation of Wis. Stat. §961.41(3g) am.

54. This felony count carried a maximum sentence of 3.5 additional years.

55. Due to Mr. Alba-Guerrero being under an existing sentence when he was criminally charged with the above offense, it came with a penalty enhancer of up to 4 additional years.

56. Mr. Alba-Guerrero was facing 7.5 additional years in prison for a crime he did not commit.

57. After Mr. Alba-Guerrero was assigned Counsel, the attorney of record moved the court to conduct additional testing of the substance that was claimed to be fentanyl. The Court granted that motion.

58. On **June 06, 2023**, The Wisconsin State Crime Laboratory tested the collected substance from Mr. Alba-Guerrero's "Folgers Jar." The lab determined that Mr. Alba-Guerrero never possessed any illegal drugs as Sirchie, The Wisconsin Department of Corrections and Fitchburg Police Department accused him of doing.

## THE EXONERATION OF SIRCHIE'S FALSE ACCUSATIONS AND THE FITCHBURG POLICE DEPARTMENT'S MALICIOUS PROSECUTION

59. On **July 12, 2023**, Dane County Circuit Court Judge Julie Genovese dismissed the criminal case against Mr. Alba-Guerrero.

60. On **July 17, 2023**, in light of the Circuit Court Dismissal, Mr. Alba-Guerrero contacted the Warden at the Redgranite Correctional Institution; Warden Michael Gierach, and sought to have his disciplinary record expunged.

61. On **September 06, 2023**, Warden Michael Gierach agreed with the crime lab's finding erased the disciplinary record and its effects from Mr. Alba-Guerrero's prison record.

## PLAINTIFF's INJURIES

62. As a direct result of the defendant's actions, Mr. Alba-Guerrero sustained severe psychological and emotional injuries when he was falsely accused of possessing fentanyl. He was forced to endure a prolonged – 120 day – stay in solitary confinement while being criminally prosecuted for crimes he did not commit.

63. As a direct result of the defendant's actions, Mr. Alba-Guerrero was immediately withdrawn from all his college programs and has ordered to pay for the classes missed out of pocket and to no fault of his own.

64. As a direct result of the defendant's actions, Mr. Alba-Guerrero was transfer to the Redgranite Correctional Institution. A facility greater in distance from OCI making the distance between Mr. Alba-Guerrero, his wife and three kids much harder to facilitate., thereby causing immense anguish and hardship.

65. The RGCI institution also required Mr. Alba-Guerrero to share a cell with one another adult versus having his own single cell at OCI. There is less movement, less recreation, less scholastic opportunities, less phone availabilities to call his family and there is no play area that allows prisoners to interact with their children during visits at RGCI which has caused Mr. Alba-Guerrero immense anguish and hardship.

66. As a direct result of the defendant's actions, Mr. Alba-Guerrero suffers severe anxiety, mental anguish, emotional distress and humiliation every time his cell is searched which has occurred daily, weekly and monthly since September 21, 2021.

67. This has also caused Mr. Alba-Guerrero to live with depression and in a constant state of fear which causes him to lose sleep, not be able to eat and remain isolated, thereby diminishing his quality of life.

## CAUSE OF ACTION

### COUNT I – STATE LAW PRODUCT LIABILITY
### WIS. STAT. § 895.047
### (Defendant Sirchie Acquisitions Company, LLC.)

68. The Plaintiff reincorporates paragraphs **01-67** as fully set herein.

69. Defendant Sirchie markets their NARK Presumptive Drug Kit to law enforcement agencies as a reliable "transportable laboratory: in an attempt to encourage these agencies to purchase and use their test kit.

70. Defendant Sirchie has actual knowledge that these presumptive drug test kits are inaccurate and react to an overwhelming number of non-controlled legal substances leading to prolonged incarcerations, innocent members of the public criminally prosecuted and those who are incarcerated to suffer long term solitary confinement conditions.

71. Defendant Sirchie, in spite of this knowledge, continue to promote these presumptive tests as reliable and accurate to law enforcement agencies and state prisons.

72. Defendant Sirchie manufactures defective NARK Presumptive Drug Tests as the chemical reaction process in activating Sirchie's testing accuracy against "Folgers Coffee" produces false positive results for the narcotic drug fentanyl.

73. Defendant Sirchie does not warn on its defective product that "Folgers's Coffee" or any other substance will generate a false positive for the narcotic drug fentanyl.

74. Defendant Sirchie does not warn nor disclose that it's NARK Presumptive Drug Tests have a 38% or greater chance of producing a false positive result.

75. Defendant Sirchie could have fixed this product defect by creating the proper chemistry against its NARK drug test chemical response to common house hold items and or items that appear to be like similar to illegal drugs.

76. As a direct and proximate result to the conduct described herein, Mr. Alba-Guerrero suffered injuries, including but not limited to financial losses, educational career trajectory misalignment, severe anxiety, mental anguish, emotional distress, mortification, and other non-pecuniary losses.

## COUNT II – STATE LAW PRODUCT LIABILITY – FAILURE TO WARN
## WIS. STAT. § 904.07
### (Defendant Sirchie Acquisitions Company, LLC.)

77. The Plaintiff reincorporates paragraphs 01-76 as fully set herein.

78. Defendant Sirchie markets their NARK Presumptive Drug Kit to law enforcement agencies as a reliable "transportable laboratory: in an attempt to encourage these agencies to purchase and use their test kit.

79. Defendant Sirchie has actual knowledge that these presumptive drug test kits are inaccurate and react to an overwhelming number of non-controlled legal substances leading to prolonged incarcerations, innocent members of the public criminally prosecuted and those who are incarcerated to suffer long term solitary confinement conditions.

80. Defendant Sirchie, in spite of this knowledge, continue to promote these presumptive tests as reliable and accurate to law enforcement agencies and state prisons.

81. Defendant Sirchie manufactures defective NARK Presumptive Drug Tests as the chemical reaction process in activating Sirchie's test against "Folgers Coffee" produces false positive results.

82. Defendant Sirchie does not warn on its defective product that "Folgers's Coffee" or any other substances will generate a false positive result.

83. Defendant Sirchie does not warn nor disclose that its NARK Presumptive Drug Tests has a 38% or greater chance of producing a false positive result.

84. Defendant Sirchie has actual knowledge of this design defect prior to it leaving their control.

85. Defendant Sirchie has actual knowledge that the NARK Presumptive Drug Tests can and will harm innocent members of society and correctional institutions.

86. Defendant Sirchie attempts to mitigate the impact of this serious design defect by warning law enforcement and correctional setting users that "there is no drug identification system in use which completely eliminates the occurrence of false positive" and that "a forensic laboratory is required" to identify an unknown substance.

87. The warning is ineffective and insufficient because Defendant Sirchie has actual knowledge that 1) the warning is not directed at and does not reach the target class that it is entrusted to protect, and; 2) the general public has no mechanism to force law enforcement to heed the warning and get a time confirmation of potential false positives, prior to the devastating effects their false results create in correctional settings and through the judicial system.

88. Further, Defendant Sirchie has actual and or constructive knowledge that innocent people have been wrongfully incarcerated as a direct result of their product design and warning defects.

89. As a direct and proximate result to the conduct described herein, Mr. Alba-Guerrero suffered injuries, including but not limited to financial losses, educational career trajectory misalignment, severe anxiety, mental anguish, emotional distress, mortification, and other non-pecuniary losses.

## COUNT III – STATE LAW MALICIOUS PROSECUTION
## WIS. STAT. § 895.047
### (Sirchie Acquisitions Company, LLC. & City of Fitchburg Police Department)

90. The Plaintiff reincorporates paragraphs 01-89 as fully set herein.

91. Defendant Sirchie acted maliciously and without justification to falsely accused Mr. Alba-Guerrero of possessing drugs which they used to commence criminal proceedings against the Plaintiff.

92. Defendant City of Fitchburg acted maliciously and without justification to falsely accused Mr. Alba-Guerrero of possessing drugs which they used to commence criminal proceedings against the Plaintiff.

93. The defendants commenced these charges falsely, maliciously, in bad faith and without probable cause as they knew the NARK test result were unreliable.

94. After the City of Fitchburg was notified several times that the testing method/product was defective, they did nothing to retest and or intervene to prevent the unlawful prosecution of the plaintiff.

95. All criminal charges were terminated in Plaintiff's favor.

96. As a direct and proximate result to the conduct described herein, Mr. Alba-Guerrero suffered injuries, including but not limited to financial losses, educational career trajectory misalignment, severe anxiety, mental anguish, emotional distress, mortification, and other non-pecuniary losses.

## COUNT IV WISCONSIN STATE LAW
## INDEMNIFICATION
### (City of Fitchburg, Wisconsin)

97. The Plaintiff reincorporates paragraphs **01-96** as fully set herein.

98. Wisconsin Law provides that public entities are directed to pay any tort judgment for compensatory of their employment activities.

99. Defendant City of Fitchburg was the employer of Officer Randall Hilbelink was acting within the course and scope of his employment at all times relevant to this complaint.

## COUNT V – 42 U.S.C. § 1983
## MALICIOUS PROSECUTION
### (Sirchie Acquisitions Company, LLC. & City of Fitchburg Police Department)

100.     The Plaintiff reincorporates paragraphs **01-99** as fully set herein.

101.     Defendant Sirchie acted maliciously and without justification when they falsely accused Mr. Alba-Guerrero of possessing drugs which was subsequently used to commence criminal proceedings against the Plaintiff.

102.     Defendant City of Fitchburg/Officer Hilbelink acted maliciously and without justification to falsely accused Mr. Alba-Guerrero of possessing drugs which they used to commence criminal proceedings against the Plaintiff.

13

103.    These defendants commenced these charges falsely, maliciously, in bad faith and without probable cause as they knew the NARK test result were false.

104.    After the City of Fitchburg was notified several times that the testing method/product was defective, they did nothing to retest and or intervene to prevent the unlawful prosecution of the plaintiff.

105.    All criminal charges were terminated in Plaintiff's favor.

106.    As a direct and proximate result to the conduct described herein, Mr. Alba-Guerrero suffered injuries, including but not limited to financial losses, educational career trajectory misalignment, severe anxiety, mental anguish, emotional distress, mortification, and other non-pecuniary losses.

## COUNT VI – 42 U.S.C. § 1983
## FAILURE TO TRAIN
### (City of Fitchburg Police Department)

107.    The Plaintiff reincorporates paragraphs 01-106 as fully set herein.

108.    Defendant City of Fitchburg is responsible for the policies, practices, customs and regulations of their respective police departments.

109.    Defendant City of Fitchburg made the conscious decision to utilize NARK field drug test kits as part of their law enforcement operations.

110.    When the Defendant City of Fitchburg made the conscious decision to utilize the NARK field drug test kits 10 years ago, it had actual and/or constructive knowledge that the NARK kits were defective and unreliable and secondary testing was needed to confirm positive results.

111.    Despite knowledge of the defects of the NARK test kits, Defendant City of Fitchburg failed to implement a policy requiring that NARK test kits results be confirmed immediately to avoid unnecessary and unlawful prosecutions, detentions or segregation sentences in the event of a false positive result.

112.    Defendant City of Fitchburg had actual and/or constructive notice that their failure to implement a policy requiring NARK test kits results be confirmed would lead to the unnecessary danger of an unlawful arrest and lengthy incarceration, specifically in cases of false positives from the NARK kits.

113.     This failure amount to deliberate indifference to the rights of persons with whom the respective police departments come into contact as significant constitutional rights violations are like to occur in the form of unlawful arrests, malicious prosecutions and lengthy incarcerations, specifically in cases of false positive field test results.

114.     Defendant City of Fitchburg was negligent in supervising and/or training its police officers by either 1) failing to establish or implement a system or policy whereby positive presumptive tests are timely verified for accuracy, and or; 2) training its officers on known or otherwise problematic substances that when NARK tested, produce false positives.

115.     As a direct and proximate result of Defendant City of Fitchburg's failure to train, implement policy or failure to supervise, the Plaintiff was unjustly penalized in a concrete box 120 days, transferred to a higher security and more restrictive facility and maliciously prosecuted for crimes and accusations he did not commit.

116.     As a direct and proximate result to the conduct described herein, Mr. Alba-Guerrero suffered injuries, including but not limited to financial losses, educational career trajectory misalignment, severe anxiety, mental anguish, emotional distress, mortification, and other non-pecuniary losses.

## **PRAYER FOR RELIEF**

**Therefore**, Esteban Alba-Guerrero respectfully moves this court to enter judgment in his favor against all named Defendants as follows:

1. **Declaratory Judgement** declaring that the named Defendants have committed the violations of law as alleged in this complaint;

2. **Injunctive Relief** prohibiting Defendants unlawful pattern, practice, policy or custom of using defective NARK drug tests kits without secondary testing;

3. **Compensatory Damages** against the Defendants in an amount to be proven at a trial;

4. **Punitive Damages** against all defendants as they each had actual and/or constructive knowledge that the NARK Drug Test Kits were defective, unreliable and are known to produce unlawful arrests and malicious prosecutions;

5. An order awarding all fees associated pursuant to this action, and;

6. Any other relief this Court may find appropriate.

## JURY DEMAND

Esteban Alba-Guerrero, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure **38(b)** on all issues so triable.

## VERIFICATION

I, Esteban Alba-Guerrero, pursuant to **258 U.S.C. § 1746,** verify under penalty of perjury that the foregoing pleadings are, and based on my personal knowledge, except as to matters alleged on information and belief, are to be true and correct.

Dated this _21_ Day of _August_ , 2024.

Respectfully,

Esteban Alba-Guerrero / Plaintiff

Contact Information
Esteban Alba-Guerrero #669679
1006 County Road EE
P.O. Box 0925
Redgranite, WI 54970-0925
(920)-566-2600

16