IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTEBAN ALBA-GUERRERO,

                         Plaintiff,

v.                                                                   OPINION and ORDER

SIRCHIE ACQUISITION COMPANY, LLC, CITY OF          24-cv-602-jdp
FITCHBURG, WIS., and RANDALL HILBELINK,

                         Defendants.

---

Plaintiff Esteban Alba-Guerrero, proceeding without counsel, alleges that a drug field test of a substance recovered from his cell produced two false positive results, and that he was wrongfully charged with a criminal offense as a result. Alba-Guerrero asserts malicious prosecution and failure to train claims against all three defendants and state-law products liability claims against Sirchie Acquisition Company, the maker of the field test.

Alba-Guerrero proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Alba-Guerrero's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim for which I could grant relief and other pleading deficiencies. I will allow Alba-Guerrero to amend the complaint to fix a jurisdictional problem with his Wisconsin-law products liability claims against defendant Sirchie Acquisition Company, LLC.

ALLEGATIONS OF FACT

While Alba-Guerrero was incarcerated at Oakhill Correctional Institution (OCI), Officer Stankovic searched his cell. Stankovic confiscated a can of Folgers coffee because it contained brown coagulated resin at the bottom, which Stankovic suspected to be drugs. Captain Wirth collected the substance and field tested it with a Narcotics Analysis Reagent Kit (NARK). The NARK field test was positive for fentanyl. Defendant Sirchie Acquisition Company manufactures the NARK test.

Wirth contacted the Fitchburg Police Department (FPD) to investigate whether Alba-Guerrero was in possession of fentanyl. Defendant Officer Randall Hilbelink went to OCI to collect the substance. Hilbelink returned to the police station to test the substance using another NARK test, which again was positive.

Alba-Guerrero received a conduct report for possession of intoxicants. Alba-Guerrero denied the disciplinary charge and asked to send the substance to a laboratory for further testing. The disciplinary board found Alba-Guerrero guilty, relying exclusively on the positive NARK test, and he received 120 days' disciplinary segregation. Alba-Guerrero also asked the FPD to send the substance to a laboratory to be retested, but it did not respond.

The program review committee removed Alba-Guerrero's minimum-security classification based on the conduct report. On December 15, 2021, Alba-Guerrero was transferred to Redgranite Correctional Institution (RDCI) at a medium security classification.

Also based on the NARK test results, Alba-Guerrero was charged in the Dane County Circuit Court with possession of narcotic drugs in violation of Wis. Stat. § 961.41(3g)(am). The circuit court granted Alba-Guerrero's motion for further testing of the substance. A test

2

conducted by the Wisconsin State Crime Laboratory was negative, after which the state dismissed the criminal case. Alba-Guerrero's prison disciplinary record was expunged as well.

NARK tests have a 38 percent or greater chance of producing false positives. In 2012, before Sirchie Acquisition Company started selling NARK tests, it issued a brochure stating that it was "'almost impossible' to develop a 'field test that [would] not have too many unacceptable false positives.'" Dkt. 1 ¶ 24. Sirchie Acquisition Company markets NARK tests as reliable "transportable laborator[ies]." *Id.* ¶ 69. Sirchie Acquisition Company warns prospective purchasers that there is no drug identification system that completely eliminates the occurrence of false positives and that a forensic laboratory test is necessary to identify an unknown substance. *Id.* ¶ 86.

## ANALYSIS

### A. Federal-law claims

Alba-Guerrero brings claims based on malicious prosecution and "failure to train" under 42 U.S.C. § 1983. He asserts the malicious prosecution claim against Sirchie Acquisition Company, Hilbelink, and the FPD, and the failure-to-train claim against the FPD. Alba-Guerrero named the City of Fitchburg as a defendant in the complaint's caption, so I will construe any claim asserted against the FPD to be one asserted against the City of Fitchburg. The FPD would not be a proper defendant in a § 1983 action.

#### 1. State-action requirement

Section 1983 creates a private right of action for the violation of one's constitutional rights. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege that he was deprived of a constitutional right and that the deprivation was

3

committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). "Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials [i.e., state actors]." *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). A nongovernmental organization may be a state actor under § 1983 if there is a close enough connection between the state the organization's actions that the organization's actions "may be fairly treated as that of the [s]tate itself." *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009).

Hilbelink's allegations don't suggest that Sirchie Acquisition Company is a state actor. The allegation that Sirchie Acquisition Company designs and manufactures a drug test that is used by Wisconsin prisons and law enforcement agencies is not enough to make the company as state actor. *Cf. Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) ("The simple fact that a private entity performs a function that serves the public does not transform its conduct into state action."). A mere contractual relationship between Sirchie Acquisition Company and the state or local government would not suggest state action. *Cf. Rodriguez*, 577 F.3d at 825–27. I will not allow Alba-Guerrero to proceed against Sirchie Acquisition Company on his federal claims.

That leaves defendants Hilbelink and the City of Fitchburg as potentially proper defendants on the federal claims.

2. **Malicious prosecution claim**

To state a claim for malicious prosecution under § 1983, the plaintiff must plausibly allege that the defendant instituted a criminal prosecution against him without probable cause

and with malice (i.e., a purpose other than bringing him justice), and that the prosecution ended without a conviction. *See Thompson v. Clark*, 596 U.S. 36, 44, 49 (2022); *Evans v. Matson*, No. 23-2954, 2024 WL 2206638, at *2 (7th Cir. May 16, 2024).

Probable cause to arrest is an absolute defense to malicious prosecution. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Probable cause means that the circumstances that an officer is aware of are enough for a prudent person to believe that the suspect has committed an offense. *See United States v. Hill*, 818 F.3d 289, 294 (7th Cir. 2016).

I will assume for purposes of screening the complaint that Hilbelink participated in bringing the possession charge. But Alba-Guerrero's allegations show that probable cause supported the charging decision because a positive field test is enough. Hilbelink tested the substance recovered from Alba-Guerrero's cell and it was positive for fentanyl, which supported the earlier positive NARK test. *See Larsen v. Carroll Cnty.*, 798 F. App'x 942, 945 (7th Cir. 2020) (positive field test supported finding that officer had probable cause to arrest suspect for possessing methamphetamine); *cf. United States v. Leonard*, 884 F.3d 730, 734 (7th Cir. 2018) ("While one search turning up marijuana in the trash might be a fluke, two indicate a trend."). The allegation that the Folgers can contained a resinous substance further supports probable cause because coffee grounds are not usually resinous. *Cf. State v. Nieves*, 438 A.2d 1183, 1185 (Conn. 1982) (laboratory test of brown resin in foil packet was positive for heroin). Two positive field tests of a resinous substance not typically found in coffee cans was enough information for a prudent person to believe that Alba-Guerrero possessed fentanyl. I will not allow Alba-Guerrero to proceed on a § 1983 malicious prosecution claim against Hilbelink. *See Kimbrew v. Evansville Police Dep't*, 867 F. Supp. 818, 826 (S.D. Ind. 1994) (positive field test

of substance that appeared to be an illegal drug constituted probable cause for arrest even though more thorough testing later revealed substance was not illegal).

A municipal entity, like the City of Fitchburg, can be sued under § 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). To proceed on a *Monell* claim, Alba-Guerrero would at least have to state a malicious prosecution claim against a city employee like Hilbelink, which he has failed to do. *Gaetjens v. City of Loves Park*, 4 F.4th 487, 495 (7th Cir. 2021) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee."). I will not allow Alba-Guerrero to proceed on this claim against the City of Fitchburg either.

### 3. Failure-to-train claim

Alba-Guerrero brings a failure-to-train claim against the City of Fitchburg. But "there can be no liability under *Monell* for failure to train when there has been no violation of the plaintiff's constitutional rights." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). I will not allow Alba-Guerrero to proceed on this claim.

## B. State-law claims

Alba-Guerrero asserts state-law products liability claims against Sirchie Acquisition Company.

But Alba-Guerrero's state-law claims have a jurisdictional problem. Alba-Guerrero alleges that the court has supplemental jurisdiction over his state-law claims, Dkt. 1 ¶ 15, but I have dismissed the federal claims. Without a claim under federal law, the court lacks jurisdiction over the state-law claims unless it has jurisdiction based on diversity of citizenship.

The complaint does not establish diversity jurisdiction. District courts have subject-matter jurisdiction over civil actions where the matter in controversy exceeds $75,000

and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The City of Fitchburg is a citizen of Wisconsin. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes."). Alba-Guerrero's allegations don't suggest that Hilbelink, an FPD employee, has citizenship in a state other than Wisconsin. Alba-Guerrero doesn't specify his own citizenship, but he's incarcerated at RDCI, so I'll assume for screening that he's a Wisconsin citizen.

"[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Alba-Guerrero alleges that Sirchie Acquisition Company is an LLC registered in Delaware and headquartered in North Carolina, but he does not identify its members or specify their citizenship. Dkt. 1 ¶ 19.

Even if Sirchie Acquisition Company's members were citizens of other states, there's another problem: the amount in controversy. Alba-Guerrero has not alleged the amount of damages that he seeks, *id.* at 15, thus failing to meet the $75,000 amount-in-controversy requirement, *see Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023). I will not allow Alba-Guerrero to proceed on his state-law claims because he has failed to allege a basis for the court to exercise jurisdiction over them.

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

I will dismiss Alba-Guerrero's federal claims without leave to amend because it's clear from his allegations that probable cause supported his charge for possession of a narcotic drug. Also, failure to train is not a freestanding § 1983 claim; it's a theory of liability against a municipal entity. The existence of probable cause bars Alba-Guerrero's § 1983 malicious prosecution claim, so there would be no basis for liability against the City of Fitchburg on a *Monell* or failure-to-train theory.

I will dismiss Alba-Guerrero's state-law malicious prosecution claim without leave to amend for the same basic reason. "[U]nder both state and federal law probable cause is a complete defense to malicious prosecution." *Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017).

I will allow Alba-Guerrero to amend his complaint to replead his products liability claims against Sirchie Acquisition Company. If he can establish diversity jurisdiction, I'll allow him to proceed on that claim.

In drafting the amended complaint, Alba-Guerrero should be mindful that to state a claim for relief, a pleading need only contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Alba-Guerrero's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Alba-Guerrero should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Alba-Guerrero should omit any legal arguments in his complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Esteban Alba-Guerrero's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until June 9, 2025, to file an amended complaint that fixes the problem with diversity jurisdiction over his Wisconsin-law products liability claims against defendant Sirchie Acquisition Company, LLC.

3. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

4. If plaintiff fails to comply with this order, I may dismiss the case.

5. Plaintiff's federal-law malicious prosecution and failure-to-train claims, and state-law malicious prosecution claim, are DISMISSED without leave to amend.

6. City of Fitchburg and Randall Hilbelink are to be removed as defendants.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

8. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint package.

Entered May 8, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge